**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**ALEXANDRIA DIVISION**

| | |
|---|---|
| **EXODO NEHEMIAS OROZCO HERNANDEZ #A208-799-131** | **CASE NO. 1:26-CV-03395 SEC P** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **WARDEN CENTRAL LOUISIANA I C E PROCESSING CENTER ET AL** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

**MEMORANDUM ORDER**

Before the court is a Motion for An Order Preserving the Status Quo and Requiring Advance Notice of Any Transfer [doc. 2] filed by petitioner Exodo Nehemias Orozco Hernandez, who challenges his immigration detention in this district under 28 U.S.C. § 2241. Doc. 1. Through the Motion [doc. 2], petitioner emphasizes that he does not seek to enjoin any lawful function of the Department of Homeland Security and instead only requests "that the Respondents not transfer him outside the Western District of Louisiana while this Petition is pending without first giving this Court and the Petitioner seven (7) days' written notice, except for transportation required for court appearances or emergency medical care." *Id.* at 2.

Given the high number of habeas petitions pending in this district, petitioner's request would create too great of an administrative burden. Petitioner does not need to be physically present in this judicial district to obtain relief. Jurisdiction attaches when a habeas petition is filed, and it is not destroyed by a subsequent transfer or custodial change. *McClure v. Hopper*, 577 F.2d 938, 939–40 (5th Cir. 1978) *cert. denied*, 439 U.S. 1077

(1979). Courts routinely adjudicate § 2241 petitions on the briefs, without the need for in-person hearings, and without a petitioner's physical presence in a nearby facility. Additionally, claims regarding prison transfers are generally not cognizable under § 2241. *See Greenhill v. Menifee*, 202 F. App’x 799, 800 (5th Cir. 2006). (claim not cognizable under § 2241 because prisoners lack a constitutionally protected interest where they are incarcerated); *Zapata v. United States*, 264 F. App’x 242, 243–44 (3d Cir. 2008) (district court lacked jurisdiction over a § 2241petition that challenged a transfer). Petitioner has no protected liberty interest in being housed in a particular facility. *Armendariz-Mata v. Lappin*, 157 F.App’x 767 (5th Cir. 2005) (citing *Yates v. Stalder*, 217 F.3d 332, 334 (5th Cir. 2000)). Accordingly, **IT IS ORDERED** that the Motion [doc. 2] be **DENIED**.

**THUS DONE AND SIGNED** in Chambers on the 10th day of September, 2026.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**